UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHEN R. MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>BILL RANDOLPH et al.,<br><br>    Defendants. | Case No. 2:22-cv-00015<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

On October 24, 2022, the Court ordered pro se Plaintiff Stephen R. Murray to show cause by November 14, 2022, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for Murray's failure to prosecute his claims. (Doc. No. 6.) The Court also ordered Murray to notify the Court of all efforts he has made to serve the defendants in accordance with the requirements of Federal Rule of Civil Procedure 4. (*Id.*) Murray has not responded to the Court's show-cause order or shown that he effected service of process on the defendants in accordance with Rule 4. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b) for Murray's failure to prosecute his claims.

I.      **Factual and Procedural Background**

Murray initiated this action on May 20, 2022, by filing a complaint under 42 U.S.C. § 1983 against Defendants the City of Monterey, Tennessee, Monterey Mayor J.J. Reels,[1] Monterey Police Chief Bill Randolph, Monterey Police Lieutenants Larry Bates and Mike Phillips, Monterey Police Officer Andrew Phillips, and Monterey Police Sergeant Chad York. (Doc. No. 1.) Murray alleges that the defendants violated his constitutional rights when they, among other things, harassed Murray and his family, conducted a warrantless search of his home, and arrested him without a warrant. (*Id.*)

In its order referring this case to the Magistrate Judge, the Court informed Murray that he "is responsible for effecting service of process on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure." (Doc. No. 3, PageID# 12.) The Court directed Murray to the Court's resources for pro se litigants, including a digital copy of the Federal Rules of Civil Procedure, and warned Murray that "[f]ailure to timely complete service of process may result in dismissal of this action." (*Id.*)

On July 12, 2022, Murray filed a certificate of service listing the named defendants and attached a copy of the caption of the docket sheet in this action. (Doc. No. 4.) The Court found that Murray's filing did "not comply with what Federal Rule of Civil Procedure 4 sets out as the requirements for valid service at the beginning of a federal civil action." (Doc. No. 5, PageID# 18.) The Court noted that the 90-day period for service under Rule 4(m) had expired, but exercised its discretion to extend the service period to October 17, 2022, "[b]ecause it appear[ed] that Murray [was] attempting to comply with the Court's order regarding service[.]" (*Id.*) The Court again

---

[1]     In his form complaint, Murray listed his sixth named defendant as "Major J.J. Reels, now Nathan Walker." (Doc. No. 1, PageID# 3.) The complaint does not otherwise mention Mayor Walker.

directed Murray to the Court's online resources for pro se litigants and directed the Clerk's Office to provide Murray with a copy of the Court's "Service of Process in Pro Se Nonprisoner Cases" information sheet. *(Id*. at PageID# 19.) The Court warned Murray "that failure to effect service in compliance with Rule 4 may result in the dismissal of his case for failure to prosecute." (*Id.*)

On October 24, 2022, the Court found that Murray still had not "requested summonses for any defendants or otherwise addressed service of the defendants." (Doc. No. 6.) The Court therefore ordered Murray to show cause by November 14, 2022, why this action should not be dismissed under Rule 41(b) for failure to prosecute and ordered Murray to state in his response "all efforts he has made to serve the defendants in accordance with the requirements of Federal Rule of Civil Procedure 4." (*Id.*) The Court warned Murray "that failure to respond to this Order may result in a recommendation that his case be dismissed." (*Id.*)

The docket shows that Murray has not responded to the Court's show-cause order and has not effected service of process on any of the defendants, none of whom has appeared.

**II.**     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting

*Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Murray.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault when they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that Murray's failures to effect service on the defendants and respond to the Court's show-cause order were motivated by bad faith. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition

testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because the defendants in this action have not appeared, this factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Murray that failure to effect service of process on the defendants and comply with the Court's orders could result in a recommendation that his claims be dismissed. (Doc. Nos. 3, 5, 6.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently

in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV.    Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure Rule 41 (b) for Murray's failure to prosecute his claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of April, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge