UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| STEPHEN R. MURRAY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:22-cv-00015 |
| BILL RANDOLPH et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On April 17, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 7) recommending that the Court dismiss this action without prejudice under Rule 41(b) for failure to prosecute a claim. On May 8, 2023, Stephen Murray, filed an untimely objection to the R&R despite the Magistrate's Judge's specific warnings regarding waiver (Doc. No. 8). For the following reasons, the R&R (Doc. No. 7) is **APPROVED** and **ADOPTED.**

### I. BACKGROUND

The Court will not repeat the factual background and procedural history of this case in full because they are aptly set forth in the R&R. In short, Murray alleged that the Defendants violated his constitutional rights when they, among other things, harassed Murray and his family, conducted a warrantless search of his home, and arrested him without a warrant. (Doc. No. 1 at 4-6). Murray filed a complaint but failed to properly effect service of process on the Defendants. On August 19, 2022, the Magistrate Judge extended the service period to provide Murray with an opportunity to serve all Defendants in compliance with Rule 4. (Doc. No. 5). Murray failed to do so. On October 24, 2022, the Court instructed Murray to show cause by November 14, 2022, why the

1

Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute (Doc. No. 6). Again, Murray failed to do so.

## II. MURRAY'S OBJECTION

Murray objects to dismissal of the case because he was incarcerated for four months and, for that reason, was unable to properly serve Defendants. Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he [D]istrict [J]udge must determine de novo any part of the [M]agistrate [J]udge's disposition [on a dispositive motion] that has been properly objected to. The [D]istrict [J]udge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." See also 28 U.S.C. § 636(b)(1)(C). The "failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (Mar. 29, 2021).

The Court need not reach the substance of Murray's objection because it is untimely. Murray had fourteen days to respond to the R&R (Doc. No. 7 at 7). He failed to do so, filing his objection on May 8. 2023—seven days after the deadline outlined in the R&R. Fed. R. Civ. P. 72(b)(2); (see also Doc. No. 8). Murray's objection is silent on why he did not timely file his objection to the R&R within the required fourteen day-period. The R&R could be accepted and approved on that basis alone. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] party waives subsequent review by the district court ... if it fails to file a[ timely] objection.... to a magistrate's report[.]"); see Allen v. Comm'r of Soc. Sec., No. 17-5960, 2018 WL 4042464, at *2 (6th Cir. June 4, 2018) ("By failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court...."). Nevertheless, considering Murray's

*pro se* status, the Court will address Murray's objection on the merits even though the result is the same.

Nothing in the record suggests that the Magistrate Judge was aware of Murray's incarceration at the time of the R&R. In fact, this Court was unaware of his incarceration until he untimely filed his objection. Be that as it may, this Court finds his objection without factual or legal support.

Taking into account Murray's version of events, Murray argues that he relied on his father to effect service on June 21, 2022 (Doc. No. 4 at 1) while he was incarcerated. If Murray was incarcerated on June 21, 2022 (id.), he was presumably out of jail by October 21, 2022, which means he had three weeks to respond to the show cause order. He neglected to do so. Five months later, when the court issued the R&R recommending dismissal of this action without prejudice, Murray was no longer in custody, yet he failed to respond timely. During the eight months between the Magistrate Judge's service period extension on August 19, 2022, and the Magistrate Judge's R&R on April 17, 2023—Murray made no efforts to serve Defendants. It is obvious that Murray stopped participating in this litigation, so Murray's incarceration is a nonfactor, and his objection is untenable. The Court acknowledges that Murray is proceeding *pro se*, but that does not excuse him from complying with the orders of this Court or the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

### III. TIME FOR SERVICE

Separate from his objection, Murray requests that the Court now allow him to "finish [his] service of process." (Doc. No. 8 at 7). Federal Rule of Civil Procedure 4(m) provides that "[i]f a

3

defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court is also mindful that Rule 4(m) "must be construed leniently with regard to *pro se* litigants such as [Murray]." Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994) (interpreting then Rule 4(j)); see also Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) (discussing id.). The Court may exercise its discretion to permit late service with or, in limited circumstances, without good cause. United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 568 (6th Cir. 2022). There is no good cause in the record to allow Murray more time to serve process.

The Sixth Circuit instructs district courts to consider the following seven factors to grant a discretionary extension of time in the absence of a finding of good cause: (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case. Oakland Physicians' Med. Ctr., LLC, 44 F.4th at 569. The Court has already extended the time for service once (Doc. No. 5), so the Court will determine whether any further extension should be granted in absence of good cause.

Murray contends that he could not properly serve the defendants because (1) his four-month incarceration impeded him from doing so (Doc. No. 8 at 7); (2) he did not see any mail from the court when he was released (Doc. No. 8 at 6); and (3) he was not aware that it "was not done correctly by [his] father" (Id.).

The Court has already explained that Murray's incarceration is a nonfactor, so the Court will turn to his second point. Murray argues that he did not see any mail from the Court upon his release. However, nothing in the record indicates his mail was returned or undeliverable. Murray also contends that his wife and daughter were away from their home during the time the Court sent its notices. (Doc. No. 8 at 6). Even if true, it is Murray's responsibility to check his mail or notify the Court of a change of address. See Fed. R. Civ. P. 41(b); M.D. Tenn. L.R. 41.01(b). Murray also argues that he was unaware that his father did not properly serve the defendants until he received the R&R. Maybe so, but it is Murray's responsibility, not his father's responsibility, to manage his case and stay abreast of any case updates.

Considering the relevant factors, the Court finds that a discretionary extension is not warranted. This action has been pending for almost two years without proper service on the Defendants, well beyond the 90 days in Rule 4(m). Fed. R. Civ. P. 4(m). There is no indication that Defendants have actual notice of this action, and no unique equitable factors weigh in favor of an extension. While Murray is *pro se* and initially made a good faith effort to effect service of process on Defendants, he was not diligent in correcting the deficiencies. This is not his first complaint in this Court, so he is well aware that he must comply with the Federal Rules of Civil Procedure and the Local Rules. See Murray v. Wiggins, 2021 WL 3698898 at *3-4 (Aug. 3, 2021) (Magistrate Judge Newbern explaining Rule 4(m) service requirements to Murray).

The Court has reviewed the R&R in accordance with Rule 72 of the Federal Rules of Civil Procedure. The Court agrees with the recommended disposition. See Fed. R. Civ. P. 72(b). Accordingly, the Magistrate Judge's Report and Recommendation (Doc. No. 7) is **APPROVED** and **ADOPTED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE